IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF OXFORD.

ARGUED MAY TERM, 1846.

---

### THE STATE *versus* SIMON FURLONG.

A justice of the peace has no jurisdiction or power to try and decide finally upon the guilt or innocence of persons accused of having committed a riot; and has no legal authority to administer an oath to a witness on a trial where he assumes such jurisdiction.

If it appears in an indictment for perjury, that the accused was sworn only by and before a justice of the peace who had no jurisdiction of the case before him, and therefore had no authority to administer the oath, such indictment is bad, on demurrer, and will be quashed.

Where it appears from the indictment, reciting the record of the justice, that the accused "was put upon trial"; that the justice "proceeded to hear and determine the matter of said complaint"; "that upon the trial of said complaint", it became necessary to prove certain facts; and that the witness on that trial, now indicted for perjury, testified falsely "to cause the accused to be convicted of the offence charged", it must be understood, that the justice had assumed jurisdiction to try and decide finally upon the guilt or innocence of the accused, and not that he assumed only to examine into the guilt or innocence of the person complained of, for the purpose of deciding, whether he should be bound over to appear before some other tribunal for trial, or be discharged.

FURLONG was indicted for perjury, alleged to have been committed in giving his testimony before a justice of the peace, on the trial of a complaint against Robinson and others, charged with having been guilty of a riot. That the questions

of law might be raised without the expense of a jury trial, the whole record of the justice was set out in the indictment. The counsel for Furlong demurred generally.

*Codman & Fox*, for Furlong, said that the demurrer was based upon the ground, that the oath was not lawfully administered, the justice not having the power to place the respondents to the complaint on trial.

Rev. St. c. 158, § 1, defining perjury, requires that the oath or affirmation should be "*lawfully administered.*" If the justice had no jurisdiction of the offence, then the oath he administered, was not lawfully administered. 4 Com. Dig. (Day's Ed.) 936, Title, Justices of the Peace; 1 T. R. 69.

The record of the justice, set forth in the indictment, shows a trial and acquittal. It is as formal as the record of a higher Court would be, which had jurisdiction, and indeed is in the same language. The trial before the justice was a mere nullity, as he had no authority to convict or acquit; and the record thereof would be no bar to an indictment in a court having jurisdiction. 13 Mass. R. 245 and 455; 1 Stark. R. 511; Peake's Cases, 112. It must appear, or be alleged, in an indictment for perjury, that the oath was administered, by authority of a competent tribunal having jurisdiction, or it is bad. 2 Russ. on Cr. 541, 638; 7 Dane, c. 210, Art. 4, § 5; 8 Pick. 455.

By the Revised Statutes a justice of the peace has no power to put persons charged with having been guilty of a riot on trial. He could only examine and bind over to appear at another tribunal, or order his discharge. Having exceeded his jurisdiction when the justice put the accused on trial, and the oath having been administered only on such trial, it was not lawfully administered.

*Moore*, Att'y Gen'l, for the State, contended that the justice had jurisdiction in the complaint against Robinson and others. If the justice had no power to act as he did, it is admitted that the indictment cannot be supported.

By Revised Statutes, c. 170, § 2 and 4, the justice may try and punish for "all assaults and batteries and other breaches

State *v.* Furlong.

of the peace, declared criminal by any statute or town by-law, when the offence is not of a high or aggravated nature." A riot is declared to be a criminal offence by Revised Statutes, c. 159, § 2 and 3, and is to be punished by imprisonment in the county jail, or "by fine not exceeding five hundred dollars." The fine may be as low as one dollar, according to the degree of criminality found to exist. If then the justice finds the offence, which technically may be a riot, "is not of a high or aggravated nature," it becomes his duty to try and punish by a small fine within his jurisdiction.

But the record does not show that this was any thing more than an examination. It is in the usual form of the records of justices, when the accused is bound over for his appearance at another Court, or discharged. In such cases, the inquiry always is, whether guilty or not guilty. If the plea be not guilty, then the justice is to proceed to an investigation, which is a trial, where both parties may be heard. At the close of such trial, if there be sufficient evidence to warrant it, the accused is bound over to appear before a higher Court; and if not, then he is found "not guilty" as alleged in the complaint, and is "discharged." This is believed to be according to the usual practice. The inquiry must necessarily be, whether the accused is guilty or not guilty. Here he was found not guilty and discharged. Had the evidence been different, he would have been bound over.

The opinion of the Court was drawn up by

SHEPLEY J. — To an indictment for perjury the accused has demurred generally. The causes assigned in argument, are, that by the indictment it appears, that a justice of the peace, who administered the oath, assumed jurisdiction of the offence, a riot, for the purpose of trial and conviction or acquittal of the persons then before him, to answer to a complaint for that offence. That by law he had no such jurisdiction, and that the oath was not therefore lawfully administered to the accused.

The indictment recites a complaint made by the accused to

Stephen Greenleaf, Jr., a justice of the peace, against John G. Robinson and seven other persons named, in which complaint it is alleged, that they " did unlawfully and in a violent and tumultuous manner assemble and gather together to disturb the peace of said State; and being so assembled and gathered together" " they did violently, riotously, tumultuously, unlawfully, and with force and arms, and with a strong hand, break open and enter the meetinghouse, situated in Greenwood aforesaid, which house is occupied as a house for the public worship of God, of which the complainant owned a part, to the great injury and damage of said house."

There can be no doubt that the offence described in that complaint is a riot, as defined and to be punished by statute, c. 159, § 2 and 3, by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars.

The indictment further recites, that a warrant was duly issued by that justice; that the persons named were apprehended and were present before another justice of the peace, Jonathan B. Smith, before whom the warrant had been returned; that the complaint was read to them by him, and that they were severally asked, whether they were guilty or not guilty. That they " severally pleaded not guilty of the said offence charged upon them in the said complaint; and thereupon the said Jonathan B. Smith, as such justice as aforesaid, proceeded to hear and determine the matter of said complaint in the presence of the said John G. Robinson, one of the defendants named in said complaint, who by the consideration of said justice was put upon trial to answer the matters and charges contained in said complaints separately." " And that upon the trial of said complaint and the charges contained therein," it became material to prove certain facts. That the accused, having been sworn by the justice, " maliciously and wrongfully intending and devising to cause the said John G. Robinson to be convicted of the offence charged and alleged against him in said complaint," testified as therein stated.

It will be perceived that the indictment alleges, that Robin-

son "was put upon trial"; that the justice "proceeded to hear and determine the matter of said complaint"; that the accused testified falsely "to cause the said John G. Robinson to be convicted of the offence charged."

This language is suited to describe proceedings before a magistrate, who has assumed jurisdiction to try and decide finally upon the guilt or innocence of the accused, and not appropriate to describe proceedings, when the magistrate assumes only to examine into the guilt or innocence of the accused for the purpose of deciding, whether he should be committed or bound over to appear before some other tribunal for trial. The indictment must therefore be considered as describing a case, over which the magistrate had assumed jurisdiction for the purpose of a trial for the conviction or acquittal of Robinson.

In behalf of the State it is contended, that the justice had jurisdiction of the offence, for such a purpose, by virtue of the statute, c. 170, § 2 and 4. The second section provides, that a justice of the peace may punish by fine not exceeding ten dollars all assaults and batteries and other breaches of the peace declared criminal by any statute, or town by-law, when the offence is not of a high and aggravated nature. The fourth section provides, that all persons arrested by process conformable to the provisions of the constitution for any of the offences before mentioned, shall be examined by the judge or justice, before whom they are brought, and may be tried by him. The argument is, that a riot must be embraced by the second section as one of the other breaches of the peace declared criminal by statute, and that when not of a high and aggravated nature, it may be tried by the justice and punished by fine not exceeding ten dollars.

Those other breaches of the peace must be understood to be such as are within the jurisdiction of a justice of the peace, and not punishable more severely than by a fine, not exceeding ten dollars. That language was not intended, nor was the fourth section, to enlarge the jurisdiction of the justice. The design of the language alluded to in the latter section, was only to declare, that the person might be tried by the judge or

justice having jurisdiction of the offence. The sixth section provides, that a justice of the peace shall examine into all treasons, felonies, high crimes and misdemeanors, and commit or bind over for trial all persons, who appear to be guilty. Riot, as described in this indictment, has been considered a high misdemeanor punishable by the common law by fine and imprisonment. It is not an offence within the jurisdiction of a justice of the peace for final trial and adjudication.

As the justice in this case had no such jurisdiction as he appears by the indictment to have assumed, he could have no legal authority to administer the oath, and the accused could not on that occasion have committed the crime of perjury.

*Indictment quashed.*